

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 6, 1960

Mr. J. E. Lyles, Commissioner
Bureau of Labor Statistics
Capitol Station
Austin, Texas

Opinion No. WW-839

Re: Texas Inspection of
Steam Boilers Act;
Article 5221c, Ver-
non's Texas Civil
Statutes.

Dear Mr. Lyles:

You have requested our opinion regarding certain provisions of the Inspection of the Steam Boilers Act, Article 5221c, Vernon's Civil Statutes.

The question presented by your request is as follows:

"Are low pressure boilers (as defined
in Section 1, DEFINITIONS) for heating in
(or near) buildings (such as apartment houses)
occupied solely for residence purposes with
accomodations exceeding four (4) families
subject to the Provisions of this Act?"

Section 3 of Article 5221c, Vernon's Civil Statutes, specifically exempts certain boilers and low pressure heating boilers from the provisions of the Act. The Section reads as follows:

"Sec. 3. The following boilers and
low pressure heating boilers are exempt
from the provisions of this Act:

"1. Boilers and low pressure heating
boilers under Federal control and stationary
boilers at round houses, pumping stations and
depots of railway companies under the supervi-
sion or inspection of the Superintendent of
Motive Power of such railway companies;

"2. Low pressure heating boilers on which pressure does not exceed 15 lbs. per sq. in. gauge steam or at pressures not exceeding 160 lbs. per sq. in guage and temperatures not exceeding 250° F. for water, except where such boilers are located in public or private schools, colleges, universities or county courthouses;

"3. Automobile boilers and boilers on road motor vehicles;

"4. Boilers and low pressure heating boilers used exclusively for agricultural purposes;

"5. Low pressure heating boilers for heating in buildings occupied solely for residence purposes with accomodations not to exceed four (4) families;

"6. Boilers and low pressure heating boilers used for cotton gins."

The question you have asked would quite obviously be answered in the affirmative by Subsection 5 of Section 3 of Article 5221c, quoted above, were it not for the language of Subsection 2 of Section 3 of Article 5221c which by its literal language exempts all low pressure heating boilers from the provisions of the Act, unless they are located in "public or private schools, colleges, universities, or county courthouses."

What is the effect to be given the languaged used in Subsection 2 of Section 3 of the Act?

To answer this question we must resort to the processes of statutory construction. The following language from page 502 of the opinion in Lacy v. State Banking Board, 118 Tex. 91, 11 S.W.2d 496 (1928) is a helpful guide to the determination of the intent and purpose which prompted the Legislature to enact Article 5221c.

"In construing any statute, as indeed any instrument, the intention of the framers is the prime inquiry. While the occasion for the inquiry is usually what a particular

provision, clause or word means, yet to
answer the inquiry 'one must proceed as he
would with any other composition--construe
it with reference to the leading idea or pur-
pose of the whole instrument. A statute is
passed as a whole and not in parts of sections
and is animated by one general purpose and in-
tent. Consequently each part or section should
be construed in connection with every other part
or section and so as to produce a harmonious
whole. . . .'"

The intention of the Legislature in enacting Article
5221c was to afford the members of the public some measure of
protection from bodily harm resulting from the operation or
use of unsafe or defective boilers. The Legislature has pro-
vided for inspectors, certificates of inspection and penalties
to be imposed upon those who operate or use uninspected boil-
ers covered by the Act. This much is readily ascertainable
after reading Article 5221c as a whole.

Having ascertained the Legislative intent, we must
now endeavor to construe the statute so as to effectuate the
purpose of the Legislature, even though this may require a
departure from the strict language of the statute as written
by the Legislature. This we are bound to do, if legally possi-
ble. 39 Tex.Jur. 166-172, Statutes, Sec. 90.

If we follow the language of Subsection 2 of Section 3
of Article 5221c literally we are faced with the inescapable
conclusion that all low pressure boilers are exempt from the
Act unless they are located in public or private schools, col-
leges, universities, or county courthouses. It is true that
this construction would afford those persons in and around
these specific places the protection intended by the Legislature,
but such a construction ignores the fact that the Legislature
enacted Subsection 5 and Subsection 2 of Section 3 at the same
time, for the obvious reason that this construction treats Sub-
section 5 of Section 3 merely as extra words and renders the
language completely ineffective.

The Legislature enacted Subsection 5 of Section 3 for
some reason. They intended it to have force and effect. There-
fore, we must construe the statute in a manner which gives force
and effect to the Legislative intent in relation to the whole
as well as each material part of the Act.

At 39 Texas Jurisprudence 172-174, Statutes, Section 91, we find the following language:

"An important rule to be observed in statutory interpretation is that an Act should be given a fair, rational, reasonable and sensible construction, considering its language and subject-matter, and with a view to accomplishing the legislative intent and purpose . . . construction should comport with common sense and justice, and irrational conclusions or deductions should be avoided."

Quoting further from 39 Texas Jurisprudence 181-182, Statutes, Section 95, we find this statement:

"When necessary to effectuate or preserve the legislative intent, the Court will depart from the exact and literal import of a statute, or a particular part, provision of word thereof . . . words or clauses should not be given their literal meaning when such an interpretation would thwart the plain purpose of the Legislature, or would lead to palpable absurdity, contradiction, injustice or uncertainty, if such construction can reasonably be avoided."

We, therefore, hold in construing the Act from its four corners, that the effect of Subsection 5 is to add another exception to those contained in Subsection 2 so that said Subsection 2, in effect, will read as follows:

"Low pressure heating boilers on which pressure does not exceed 15 lbs. per sq. in. gauge steam or at pressures not exceeding 160 lbs. per sq. in. gauge and temperatures not exceeding 250° F. for water, except where such boilers are located in public or private schools, colleges, universities or county courthouses; and low pressure heating boilers for heating in buildings occupied solely for residence purposes with accomodations exceeding four (4) families;"

In our opinion Subsection 5 of Section 3 of Article 5221c plainly requires that low pressure heating boilers for heating in buildings occupied solely for residence purposes be exempt from the provisions of the Act only in those instances where the accomodations do not exceed four (4) families. Therefore, your question is answered in the affirmative.

Mr. J. E. Lyles, page 5 (WW-839).

### S U M M A R Y

Subsection 2 of Section 3 of Article
5221c, Vernon's Texas Civil Statutes,
does not limit the force and effect
of Subsection 5 of Section 3 of Arti-
cle 5221c, Vernon's Texas Civil Stat-
utes; low pressure heating boilers
for heating in buildings occupied sole-
ly for residence purposes and with ac-
comodations exceeding four (4) families
are not exempt from the provisions of
Article 5221c, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
W. O. Shultz
Assistant

WOS:ms:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Martin DeStefano

Elmer McVey

Iola B. Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore